Clayeo C. Arnold, SBN 65070
M. Anderson Berry, SBN 262879
John T. Stralen, SBN 171227
**CLAYEO C. ARNOLD,
A PROFESSIONAL LAW CORPORATION**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 777-7777
Facsimile: (916) 924-1829
carnold@justice4you.com
aberry@justice4you.com
jstralen@justice4you.com

*Attorneys for the Plaintiff and the Class*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| JAMES LOH, individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FUTURE MOTION, INC.,<br><br>Defendant. | Case No.: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**Demand for Jury Trial** |

Plaintiff James Loh, individually and on behalf of all others similarly situated, brings this Class Action Complaint against Future Motion Inc. ("Future Motion" or "Defendant"), and alleges, upon personal knowledge as to his own actions and his counsels' investigations, and upon information and belief as to all other matters, as follows:

**I. INTRODUCTION**

1.    This Class Action arises from manufacturing and design defects found in Defendant's Onewheel "electrically motorized board" and is brought on behalf of Plaintiff and Class members who purchased or received the one-wheeled, electric powered "hoverboard" vehicles within the Class period. The Onewheel is not a toy; it is categorized as an "electrically

motorized board"[1] and marketed as both a form of transportation and recreation. The Onewheel vehicles can carry riders at speeds as high as 19 miles per hour. While the vehicles are capable of being operated off-road, the Onewheel is most commonly ridden on paved surfaces.

2. The Onewheel should not have been sold to Plaintiff and Class members because these electric, single-wheeled, "hoverboards" are designed so that under certain foreseeable conditions the Onewheel suddenly accelerates and then, just as suddenly and without warning, the Onewheel shuts off and pitches forward, ejecting the rider and throwing them to the ground. An apt name for this defect or design flaw has been coined on social media because it occurs with such regularity: "The Nosedive."

3. As part of its skateboard-like design, the Onewheel has no safety measures that could prevent a rider from being forcefully ejected and injured. This dangerous device was developed, designed, manufactured, assembled, tested, marketed, promoted, advertised, sold and/or distributed by Defendant since at least 2013.

4. Defendant intentionally, recklessly, and/or negligently: concealed, suppressed, and omitted the risks, dangers, defects, and disadvantages of its Onewheel "XR" and Onewheel "Pint" models, and marketed, sold, and distributed these dangerous vehicles as a safe when, in fact, Defendant had reason to know, and did know, that the Onewheels were not safe or even useable at all for the intended purposes. Defendant knew or should have known that the Onewheel posed a serious safety risk, including the risk of severe head injury, traumatic brain injury, broken bones, maiming, and other catastrophic physical injuries to all riders, including but not limited to Plaintiff and Class members – and to persons or property in the vicinity, when the vehicles unexpectedly, suddenly, and inevitably seize and stop.

5. Defendant sold and continues to sell the Onewheel to their significant financial gain, despite knowledge of the extreme danger posed by the sudden seizures, without taking

---

[1] An "electrically motorized board" is any wheeled device that has a floorboard designed to be stood upon when riding that is not greater than 60 inches deep and 18 inches wide, is designed to transport only one person, and has an electric propulsion system averaging less than 1,000 watts, the maximum speed of which, when powered solely by a propulsion system on a paved level surface, is no more than 20 miles per hour. The device may be designed to also be powered by human propulsion. CA Vehicle Code § 313.5.

CLASS ACTION COMPLAINT                    2

reasonable steps to mitigate the unreasonable danger or disclose the danger to Plaintiff and Class members.

6. Many Onewheel owners have posted on Defendant's website to request that they remedy and/or address the Nosedive issue. As such, Defendant has been made aware of this issue.

7. As a result of Defendant's unfair, deceptive, and/or fraudulent business practices Onewheel owners, including Plaintiff and Class members, have suffered an ascertainable loss of money and/or property and/or loss in value. The unfair and deceptive trade practices committed by Defendant were conducted in a manner giving rise to substantial aggravating circumstances.

8. Despite notice and knowledge of the defect from the numerous complaints they have received: social media postings, videos and other complaints, and their own internal records, Defendant has not recalled and/or offered an adequate repair to the Onewheel, nor have they offered nondefective replacements to their customers.

9. Had Plaintiff and other Class members known of the defect at the time of purchase they would not have bought the Onewheel.

10. This case seeks protection and relief for Onewheel owners for the harm they have suffered, and the safety risks they face, from Defendant's breaches of express and implied warranties and Defendant's unfair, unlawful, and deceptive trade practices.

## II. JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one Class member and one defendant are citizens of different states. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

12. The Northern District of California has personal jurisdiction over Defendant because Defendant conducts substantial business in California and in this District through online sales of the Onewheel vehicles.

13. Venue is proper under 28 U.S.C. § 1391 because Defendant does business in and is subject to personal jurisdiction in this District and a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this District. Based on information and belief, Defendant manufactures its products in Santa Cruz County and distributes the Onewheel vehicles throughout the United States via online purchase platforms.

### III. THE PARTIES

14. Plaintiff James Loh is a citizen of Hawaii, residing in Honolulu, Hawaii.

15. Plaintiff purchased a Onewheel on or about April 6, 2021.

16. Plaintiff purchased (and still owns) this Onewheel, which is used for personal, and/or recreational use.

17. Plaintiff reviewed the Onewheel's literature and safety manual. None of these sources disclosed the above described defect to Plaintiff, or mentioned anything about the sudden seizures that cause the Nosedive.

18. Neither Defendant, nor any of its agents, dealers, or other representatives, informed Plaintiff of the existence of the defect prior to purchase. Had Defendant disclosed the defect to Plaintiff, Plaintiff would not have purchased his vehicle.

19. Defendant Future Motion, Inc. is a Delaware corporation, with all of its Onewheel vehicles being developed, designed, assembled, and distributed in/from California. Defendant Future Motion's public website states that its principal business office and principal executive office are located in Santa Cruz County.

20. At all times relevant, Future Motion sold its Onewheel vehicles throughout the United States.

21. Defendant's legal responsibility for having caused Plaintiff's and Class members' harm is based on the stated causes of action herein, as well as legal theories, including but not limited to unfair competition, breach of contract or warranty, unjust enrichment, negligence, and any equitable relief available under the circumstances.

//
//

CLASS ACTION COMPLAINT                4

### IV. TOLLING OF STATUTES OF LIMITATION

22. Any applicable statute(s) of limitations has been tolled by Defendant' knowing and active concealment and denial of the facts alleged herein. Plaintiff and Class members could not have reasonably discovered the true, latent nature of the Defect until shortly before this class action litigation was commenced.

23. Defendant was and remains under a continuing duty to disclose to Plaintiff and members of the Class the true character, quality, and nature of the Onewheel vehicles, that the defect is a safety related defect, and that it diminishes the resale value of the vehicles. As a result of the active concealment by Defendant, any and all applicable statutes of limitations otherwise applicable to the allegations herein have been tolled.

### V. FACTUAL ALLEGATIONS

*The Defective Design Flaws*

24. Defendant offered for distribution and sale the Onewheel XR and Pint models with the specific intention and purpose that these vehicles be used throughout the United States. In so conducting itself, Defendant represented to consumers that the Onewheels were safe, of merchantable quality, and fit for their intended and reasonably foreseeable uses, and had sufficient protections and warnings regarding potential dangers and hazards which reasonable consumers, including Plaintiff and Class members, would expect and assume to be provided in order to make a decision whether to purchase a Onewheel.

25. Defendant failed to disclose the true facts, including but not limited to, that the Onewheel vehicles are exceptionally dangerous and are patently unsafe because the single wheel seizes suddenly and without warning – ejects the rider – frequently at speeds of up to 19 miles per hour.

26. The single or "mono-wheel" will seize under several scenarios including: (1) when its battery fully discharges while underway, which the rider does not anticipate due to the lack of an adequate warning signal or display that is visible to the rider, and (2) when the mono-wheel reaches its top speed and the rider attempts to further accelerate. Moreover, Plaintiff and Class members have experienced seizures for no discernable reason.

27. Future Motion's Onewheel vehicles are designed to accelerate when the front deck of the board is pushed downward. Upon reaching its top speed, the front deck of the board automatically rises to level, and this action, defined by Future Motion as "pushback," is supposed to be interpreted by the rider as a signal that the vehicle has reached its top speed. However, the pushback feature often fails to warn riders by not activating at all or by not activating at a noticeable level.

28. When pushback is unnoticed and the rider pushes the front deck downward, the mono-wheel will suddenly seize. When this happens, riders are helpless to prevent their forward momentum from throwing them headfirst off the front of the Onewheel. Defendant knows about this defective feature; however, there is inadequate warning about the pushback feature to give the rider notice – any notice at all – that the "brakes" are about to be slammed on.

29. A third scenario occurs when the mono-wheel unintentionally stops on its own without warning due to either a manufacturing defect or a design defect that is known to Defendant. (This scenario also results in a failure to warn issue, because the problem of the wheel randomly seizing under normal use is well known and reported.) This happens randomly and as a complete surprise to the rider despite the battery being sufficiently charged and the rider operating the board well within the speed parameters. As a result, Class members have suffered serious injuries from the mono-wheel unintentionally seizing and throwing them off the vehicle despite their proper use.

30. There is a feature on Future Motion's website where users can discuss issues on a forum. Consumers have reported the Onewheel unintentional stop. In fact, there are over 265 posts related to the Nosedive phenomenon with over 250,000 views. Many users on Future Motion's website have reported that they were not exceeding the speed limits and/or had sufficient battery life. One consumer reported that the mono-wheel froze when riding at a slow speed with 50 percent battery. Another consumer reported that the mono-wheel froze while riding on smooth pavement going only around 10 miles per hour.

31. Consumers who experienced the unintentional stop reported that they did not receive a warning through the device's pushback feature and were using the device as intended.

The mono-wheel should not seize and cause a Nosedive under any circumstance; rather, the mono-wheel should be designed and manufactured in a way so that it will allow the rider to gradually slow down and stop safely.

32. As a result of Defendant's conduct and omissions, Plaintiff and the putative Class members purchased and/or otherwise came to own these inherently dangerous and defective vehicles.

33. Pricing for a Onewheel XR starts at $1,799 and the Onewheel Pint starts at $950. The complete package, called the "Elite Bundle," retails for $2,249. Optional accessories, primarily enhanced colors and graphics, significantly increase the base prices for both models.

34. Plaintiff and the Class members have lost money and suffered monetary damages as a result of their purchases and use of Onewheel vehicles. Plaintiff and Class members paid a readily ascertainable amount for their Onewheels. Plaintiff and Class members have or will suffer further damage to the extent that they have or will incur the cost of replacing or retrofitting their Onewheels, and/or replacing them with other safe, merchantable products.

***PLAINTIFF'S DISCOVERY AND DEFENDANT'S FRAUDULENT CONCEALMENT***

35. Defendant has been designing, manufacturing, marketing, selling and delivering into commerce the Onewheel vehicles since in or about 2013.

36. Reports of injuries occurring due to the defects described above have been publicly posted on the internet for at least the past five years, and this information is easily accessible. Despite Defendant's knowledge of the hazards posed by the Onewheel vehicles, Defendant failed to take any reasonable steps to prevent consumers such as Plaintiff and Class members from injuring themselves. Instead, Defendant marketed their products online, representing that the device is a reliable, fun, and safe device for transportation and recreation. Meanwhile, accidents occur with such remarkable frequency that posters on social media have coined a name for the type of accident that occurs when the mono-wheel suddenly halts, throwing the rider to the ground headfirst: the "Nosedive"

37. Despite their knowledge of the hazard posed by the Onewheel, Defendant failed and continues to fail to take reasonable steps to warn and advise consumers – either before or

after their purchase – of the extreme, unreasonable hazard. Online promotional material at Defendant Future Motion's website (https://onewheel.com/pages/faq) describes the OneWheel as:

> **Simply put, the most beautiful ride on the planet. Snowboard all season, hack your commute, dominate any terrain and try to wipe that grin off your face!**

38. Defendant Future Motion's website contains a section devoted to "Frequently Asked Questions." Among the FAQ's is the following: "Are Onewheels safe?" The response is:

> **Yes, Onewheel is safe to ride and tens of thousands of riders enjoy riding Onewheel safely everyday. Like any boardsport, there are inherent risks to riding, but if you learn the basics, stay within your limits, and take time to practice you can enjoy Onewheel's amazing riding experience with confidence every time you step on your board. Onewheel doesn't have to be an adrenaline sport, in fact, it's probably the easiest boardsport in the world. With a large air filled tire, Onewheel can ride over bumps and cracks in pavement easily. It's important for riders to always wear a helmet while riding and respect the board's limits and Pushback safety feature.** (emphases in original.)

39. Clicking the tab "Pushback safety feature" redirects the webpage to a video wherein a company representative says that "pushback" is the board's way of telling the rider that she is reaching the limits of performance and that the rider should just ease up. While the representative says that a rider should never ignore pushback, he says nothing about the mono-wheel suddenly seizing or that it will cause a rider to be ejected (Nosedive) from the board.

40. There is a "comments" section on Future Motion's website which allows viewers to post comments about its website, including the video on the topic of pushback. Easily half of the posted comments discuss how dangerous the pushback feature is, and specifically describe experiences of Nosedives and resulting personal injuries. The following posts are on the Defendant's website and on YouTube:

> **"What is pushback", the one wheel talking head asks rhetorically. Pushback is a poorly thought out design feature where the board "warns" the rider that it will shut down to protect the motor (rider be damned). How about instead of the automatic nose dive to protect the motor, you engineer an auto slow down feature to protect the rider.**
> **\*\*\***

CLASS ACTION COMPLAINT                                8

> **Yeah... my XR doesn't pushback. Ever. Does nosedive though. As my hospital bills can attest.**
>
> **\*\*\***
>
> **You guys need to address the nosedive issue immediately. This is dangerous AF. If the OW is approaching it's limit it should give an alert sound and it should automatically slow down for 1min if it exceeds 19mph. Nosediving should NEVER happen!**
>
> **\*\*\***
>
> **If a safety feature causes people to crash hard, head first, it's not rocket science to assume it's not a very good safety system. Kind of bedazzled why Onewheel hasn't figured that out yet and changed to a safer set up. Hard to take a company like that serious.**
>
> **\*\*\***
>
> **push back is a joke it works some of the time but not all of the time. Going up hill especially it just releases and then you get thrown off like a bucking bronco. The app makes loud noises when you lift off the pad why does it not make loud noises when you are in push back? Seems like we need any update. All I can say people is WEAR PADS AND A HELMET PLEASE Flying off at 10mph is no joke.**[2]

41.  As demonstrated by Defendant Future Motion's own website, Defendant either knows, or clearly should know, that their Onewheels are dangerously defective when being used as intended. Notwithstanding this knowledge, Defendant took no reasonable steps to warn consumers of the danger because they realize that they could not market and sell the Onewheel if they were to allow consumers to understand the severity of the hazard posed using their products. Plaintiff Loh discovered the severity of the risk of using the Onewheel only after experiencing the sudden seizure of the mono-wheel on his OneWheel Pint, which caused the Nosedive and resulting injuries which are also being experienced by other similarly situated consumers.

42.  No reasonable consumer, including Class members, in the absence of some specific event like that which Plaintiff Loh experienced, is likely to discover or have reason to investigate what an unreasonably unsafe hazard their own Onewheel poses. Neither Plaintiff Loh nor any reasonable, objective consumer would have purchased a Onewheel, nor paid as much for them, had they known the true facts. Facts which Defendant had to, did, and continues to

---

[2] *See* https://onewheel.com/pages/faq and https://www.youtube.com/watch?v=WXYv3eq_9A4 (comments sections) (last accessed Aug. 6, 2021).

intentionally conceal from Plaintiff and Class members in order to be able to sell these extremely dangerous vehicles.

## VI. CLASS ALLEGATIONS

43. Plaintiff brings this nationwide class action on behalf of himself and all others similarly situated pursuant to Rule 23(b)(2), 23(b)(3), and 23(c)(4) of the Federal Rules of Civil Procedure.

44. The Nationwide Class that Plaintiff seeks to represent is defined as follows:

**All persons residing in the United States who are current or former owners of Future Motion Inc's "OneWheel XR" and/or "OneWheel Pint" (the "Nationwide Class").**

45. In the alternative to the Nationwide Class, and pursuant to Fed. R. Civ. P. 23(c)(5), Plaintiff seeks to represent the following state subclasses:

**All persons residing in Hawaii who are current or former owners of Future Motion Inc's "OneWheel XR" and/or "OneWheel Pint" (the "Hawaii Class").**

46. Together, the Nationwide Class and the Hawaii Class shall be collectively referred to herein as the "Class."

47. Excluded from the Class is Defendant, their affiliates employees, officers and directors, persons or entities that purchased the Onewheels for resale, and the Judge(s) assigned to this case. Plaintiff reserves the right to modify, change, or expand the Class definitions after conducting discovery.

48. **Numerosity**: Upon information and belief, the Class is so numerous that joinder of all members is impracticable. While the exact number and identities of individual members of the Class is unknown at this time, such information being in the sole possession of Defendant and obtainable by Plaintiff only through the discovery process, Plaintiff believes that tens of thousands of Onewheels have been sold throughout the United States, including in Hawaii.

49. **Existence and Predominance of Common Questions of Fact and Law**: Common questions of law and fact exist as to all members of the Class. These questions

predominate over the questions affecting individual Class members. These common legal and factual questions include, but are not limited to:

    a.    Whether the Onewheels are predisposed to the defects;

    b.    Whether Defendant knowingly failed to disclose the existence and cause of the defects;

    c.    When Defendant first learned of the defects;

    d.    Whether Defendant's conduct constitutes a violation of the state consumer protection statutes asserted herein;

    e.    Whether Defendant's conduct violates the Magnuson-Moss Warranty Act;

    f.    Whether Defendant's conduct constitutes a breach of express warranty;

    g.    Whether Defendant's conduct constitutes a breach of implied warranty;

    h.    Whether Defendant's conduct constitutes common law fraud;

    i.    Whether Defendant's conduct constitutes unjust enrichment; and

    j.    Whether Plaintiff and Class members are entitled to monetary damages and/or other remedies and, if so, the nature of any such relief.

50. **Typicality**: All of Plaintiff's claims are typical of the claims of the Class since Plaintiff and each member of the Class purchased a Onewheel with the defects. Furthermore, Plaintiff and all members of the Class sustained monetary and economic injuries including, but not limited to, ascertainable loss arising out of Defendant's wrongful conduct. Plaintiff is advancing the same claims and legal theories on behalf of himself and all absent Class members.

51. **Adequacy**: Plaintiff is an adequate representative because his interests do not conflict with the interests of the Class that he seeks to represent, he has retained counsel that are competent and highly experienced in complex class action litigation, and he intends to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiff and his counsel.

52. **Superiority**: A class action is superior to all other available means of fair and efficient adjudication of the claims of Plaintiff and members of the Class. The injury suffered by each individual Class member is relatively small in comparison to the burden and expense of

individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the Class to individually and effectively redress the wrongs done to them. Even if the members of the Class could afford such individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation also increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Upon information and belief, members of the Class can be readily identified and notified based on, *inter alia*, Defendant's sales records, warranty claims, registration records, and the database of complaints.

53. **Injunctive Relief**: Pursuant to Fed. R. Civ. P. 23(b)(2), Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief, corresponding declaratory relief, or final equitable relief with respect to the class as a whole.

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW**
**(Cal. Bus. & Prof. Code § 17200, *et seq*.)**

54. Plaintiff incorporates by reference all preceding paragraphs and averments as if fully set forth herein.

55. California Business & Professions Code section 17200, *et seq*., precludes unfair competition, i.e., the employment of any unlawful, unfair or fraudulent business acts or practices; and any unfair, deceptive, untrue or misleading advertising violate Cal. Bus. & Prof. Code section 17500. This prohibition extends to any act, omission or conduct or pattern of activity engaged in within California which affects the rights of consumers within the State of California and elsewhere.

56. In marketing and selling the Onewheels, and in otherwise causing the Onewheels to be placed into the stream of commerce for use by consumers in the State of California and elsewhere without disclosing the serious hazard they posed, and in continuing to conceal this

critical safety information regarding the dangers associated with the use of the Onewheels, Defendant made available for consumer use a dangerous and patently unsafe product which is not safely useable for its intended purpose. Defendant was and remains obligated to disclose the hazard associated with the Onewheels because of the Class members' reasonable expectation that the Onewheels would not, under normal and expected use, suddenly and abruptly, halt, thereby ejecting riders, creating the risk of permanent bodily injury or death. In failing to disclose this critical safety issue which was known and readily apparent to Defendant but not reasonable consumers, including Plaintiff and the Class members, Defendant engaged in fraudulent conduct under Cal. Bus. & Prof. Code section 17200.

57. The aforementioned conduct is unlawful within the meaning of the UCL in that, among other things, Defendant violates Cal. Civil Code section 1750, *et seq*. (hereinafter "CLRA") to the extent that Defendant represented, by the omission and concealment of critical safety information well-known to Defendant, that the Onewheels: (a) had characteristics, uses or benefits that it did not have in violation of Section 1770(a)(5) of the CLRA; and (b) was of a particular standard, quality or grade when it was of another in violation of 1770(a)(7) of the CLRA.

58. Defendant's conduct is unfair within the meaning of the UCL in that the alleged consumer injury is substantial, creating an unreasonable risk for catastrophic physical injury to any persons using the Onewheels. There is no countervailing benefit to having or continuing to conduct themselves in the wrongful manner averred to herein.

59. Were it not for the unfair competition of Defendant, the Class members would not have purchased Onewheels and would not have subjected themselves to the risks inherent in the use thereof.

60. The Class members have and will continue to suffer personal injury in fact and monetary loss as a direct result of Defendant's unfair competition in that each has expended money to purchase Onewheels and has potentially or actually expended money for the treatment of injuries sustained due to the use thereof.

61.     As a result of Defendant's unfair competition, Plaintiff and the Class members are entitled to appropriate equitable relief including injunctive relief, and available monetary relief in the form of restitution (including fluid recovery if certified as a class action). Plaintiff is also entitled to recover penalties as well as an award of attorneys' fees for prosecuting this action.

## SECOND CAUSE OF ACTION
### VIOLATION OF CALIFORNIA FALSE ADVERTISING LAW
**(Cal. Bus. & Prof. Code § 17500, *et seq*.)**

62.     Plaintiff incorporates by reference all preceding paragraphs and averments as if fully set forth herein.

California Business & Professions Code § 17500 states:

> It is unlawful for any . . . corporation . . . with intent directly or indirectly to dispose of real or personal property . . . to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated . . . from this state before the public in any state, in any newspaper or other publication, or any advertising device, . . . or in any other manner or means whatever, including over the Internet, any statement . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading.

63.     Defendant caused to be made or disseminated through California and the United States, through advertising, marketing and other publications, statements that were untrue or misleading, and which were known, or which by the exercise of reasonable care should have been known to Defendant, to be untrue and misleading to consumers, including Plaintiff and the other Class Members.

64.     Defendant has violated section 17500 because the misrepresentations and omissions regarding the safety, reliability, and functionality of their Onewheels as set forth in this Complaint were material and likely to deceive a reasonable consumer.

65.     Plaintiff and the other Class members have suffered an injury in fact, including the loss of money or property, because of Defendant's unfair, unlawful, and/or deceptive practices. In purchasing their Onewheels, Plaintiff and the other Class members relied on the misrepresentations and/or omissions of Defendant with respect to the safety and reliability of

the vehicles. Defendant's representations were untrue because the Onewheels are distributed with defects that can cause sudden stoppage that hurls the rider headfirst into the ground. Had Plaintiff and the Class members known this, they would not have purchased their Onewheels and/or paid as much for them. Accordingly, Plaintiff and the Class members overpaid for their Onewheels and did not receive the benefit of their bargain.

**THIRD CAUSE OF ACTION**
**VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT**
**(15 U.S.C. § 2301, *et seq.*)**
**(On Behalf of the Nationwide Class Or, Alternatively, the Hawaii Class)**

66. Plaintiff incorporates by reference all preceding paragraphs and averments as if fully set forth herein.

67. Plaintiff and the Class are "consumers" within the meaning of the Magnuson Moss Warranty Act, 15 U.S.C. § 2301(3).

68. Defendant is a supplier and warrantor within the meaning of 15 U.S.C. §§ 2301(4)-(5).

69. The Onewheels are "consumer products" within the meaning of 15 U.S.C. § 2301(1).

70. The warranties described above are "written warranties" within the meaning of 15 U.S.C. § 2301(6).

71. Defendant breached the express warranties by:
   a. Providing warranties with the purchase of the vehicle, thereby warranting to repair or replace any part defective in material or workmanship at no cost to the owner or lessee;
   b. Selling Onewheels that were defective in materials and/or workmanship, requiring repair or replacement within the warranty period; and
   c. Refusing and/or failing to honor the express warranties by repairing or replacing, free of charge, the component parts in order to remedy the defects.

72. Plaintiff and the Class members relied on the existence and length of the express warranties in deciding whether to purchase or lease the Onewheels.

73. Defendant's breach of the express warranties has deprived Plaintiff and the Class members of the benefit of their bargain.

74. The amount in controversy of Plaintiff's individual claims meets or exceeds the sum or value of $25.00. In addition, the amount in controversy meets or exceeds the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit.

75. Defendant has been afforded a reasonable opportunity to cure their breach of the written warranties and/or Plaintiff and the Class members were not required to do so because affording Defendant a reasonable opportunity to cure their breach of written warranties would have been futile. Defendant was also on notice of the alleged defects from the complaints and service requests it received from Class members, as well as from their own warranty claims, customer complaint data, parts sales data and/or the numerous social media postings.

76. As a direct and proximate cause of Defendant's breach of the written warranties, Plaintiff and the Class members sustained damages and other losses in an amount to be determined at trial. Defendant's conduct damaged Plaintiff and the Class members, who are entitled to recover actual damages, consequential damages, specific performance, diminution in value, costs, including statutory attorney fees and/or other relief as deemed appropriate.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF SONG-BEVERLY CONSUMER WARRANTY ACT -**
**BREACH OF IMPLIED WARRANTY**
**(Cal. Civ. Code §§ 1791.2 & 1792)**

77. Plaintiff incorporates by reference all preceding paragraphs and averments as if fully set forth herein.

78. The Onewheel is a "consumer good" and Defendant is a "manufacturer" under Cal. Civ. Code § 1791.

79. Defendant manufactures the Onewheel vehicles in California, which are sold in the State.

80. Pursuant to California Civil Code section 1791.1, a consumer good must meet each of the following requirements: (1) pass without objection in the trade under the contract

CLASS ACTION COMPLAINT                               16

description, (2) are fit for the ordinary purposes for which such goods are used, (3) are adequately contained, packaged, and labeled, and (4) conform to the promises or affirmations of fact made on the container or label. (Cal. Civ. Code § 1791.1(a)(1)-(4))

81. The existence of each of these defects constitutes a breach of implied warranty because the device (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which these devices are used because a defect is present which causes the device to stop unintentionally, (3) is not adequately contained, packaged, and labelled because there is no warning to the consumer about the dangers of the unintentional stop, and (4) the device does not conform to the promises or affirmations of fact made on the container or label because the device will stop without giving the rider a warning through the pushback feature.

82. As a result of Defendant's failure to comply with the implied warranty of merchantability obligations, Plaintiff and the Class members bring this cause of action pursuant to California Civil Code sections 1794 and 1791.1.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF SONG-BEVERLY CONSUMER WARRANTY ACT -**
**BREACH OF EXPRESS WARRANTY**
**(Cal. Civ. Code §§ 1791.2 & 1793.2(d))**

83. Plaintiff incorporates by reference all preceding paragraphs and averments as if fully set forth herein.

84. Plaintiff and the Class members who purchased Onewheels are "buyers" within the meaning of Cal. Civ. Code § 1791(b).

85. The Onewheels are "consumer goods" within the meaning of Cal. Civ. Code § 1791(a)

86. Defendant is a "manufacturer" of the Onewheels within the meaning of Cal. Civ. Code § 1791(j).

87. Defendant made express warranties to Plaintiff and the Class members within the meaning of Cal. Civ. Code §§ 1791.2 and 1793.2, as described above.

88. Class members have requested repairs of the Defect pursuant to the express warranty, but have failed to receive such repairs.

89. Pursuant to Cal. Civ. Code §§ 1793.2 and 1794, Plaintiff and the Class members are entitled to damages and other legal and equitable relief including, at their election, the purchase price of their Onewheels, or the overpayment or diminution in value of the vehicles.

90. Pursuant to Cal. Civ. Code § 1794, Plaintiff and the Class members are entitled to costs and attorneys' fees.

### SIXTH CAUSE OF ACTION
### UNJUST ENRICHMENT
**(On Behalf of the Nationwide Class Or, Alternatively, the Hawaii Class)**

91. Plaintiff incorporates by reference all preceding paragraphs and averments as if fully set forth herein.

92. Defendant has been, and continues to be, unjustly enriched, to the detriment of the Class, as a result of its conduct directed against Plaintiff and the Class members and its resulting collection of money from the sale of the Onewheels.

93. Defendant has unjustly benefitted through the unlawful and/or wrongful collection of money from the sale of the Onewheels, and continues to so benefit to the detriment and at the expense of Class members.

94. Defendant had knowledge that this benefit was conferred upon them.

95. Accordingly, Defendant should not be allowed to retain the proceeds from the benefits conferred upon it by Plaintiff and Class members, who seek disgorgement of Defendant's unjustly acquired profits and other monetary benefits resulting from its unlawful conduct, and seek restitution and/or rescission for the benefit of the Plaintiff and Class members, in an equitable and efficient fashion to be determined by the Court.

96. Plaintiff and the Class members are entitled to the imposition of a constructive trust upon Defendant such that their enrichment, benefit and ill-gotten gains may be allocated and distributed equitably by the Court to and/or for the benefit of Class members.

### SEVENTH CAUSE OF ACTION
### NEGLIGENCE
**(On Behalf of the Nationwide Class Or, Alternatively, the Hawaii Class)**

97. Plaintiff incorporates by reference all preceding paragraphs and averments as if fully set forth herein.

98. Defendant owed a duty to Plaintiff and Class members as consumers of Defendant's products to sell them products which were safe to operate in the manner intended and which would operate in the manner intended.

99. Defendant breached that duty by selling the Onewheel devices which had the aforementioned defects and which experienced the above-described seizures.

100. Defendant's actions caused Plaintiff and Class members injuries by causing them to "Nosedive."

101. Plaintiff and Class members suffered substantial damages including, but not limited to: the cost of the defective Onewheel devices, serious injuries, medical bills, reductions in value, loss of work, and other damages.

102. Plaintiff and the Class members are entitled to damages, including legal and equitable remedies, and all other relief that this Court deems appropriate.

### VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, respectfully requests that this Court:

A. Determine that the claims alleged herein may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and issue an order certifying the Class as defined above;

B. Appoint Plaintiff as the representative of the Class and his counsel as Class Counsel;

C. Award all actual, general, special, incidental, statutory, punitive, and consequential damages to which Plaintiff and Class members are entitled;

D. Award pre-judgment and post-judgment interest on such monetary relief;

E. Grant appropriate injunctive and/or declaratory relief, including, without limitation, an order that requires Defendant to repair, recall, and/or replace the Onewheels and to extend the applicable warranties to a reasonable period of time, or, at a minimum, to provide Plaintiff and Class members with appropriate curative notice regarding the existence and cause of the design defect; and to correct their advertising and marketing practices as described herein;

F. Award reasonable attorney's fees and costs; and

G. Grant such further relief that this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: August 6, 2021                          Respectfully submitted,

*/s/ M. Anderson Berry*
M. Anderson Berry, Esq.
Clayeo C. Arnold, Esq.
John T. Stralen, Esq.
**CLAYEO C. ARNOLD,**
**A PROFESSIONAL LAW CORP.**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 777-7777
Facsimile: (916) 924-1829
aberry@justice4you.com
carnold@justice4you.com
jstralen@justice4you.com

*Attorneys for the Plaintiff and the Class*