UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES LOH, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>FUTURE MOTION, INC.,<br><br>    Defendant. | Case No. 5:21-cv-06088-EJD<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND; DISMISSING AS MOOT MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 35, 37 |

Plaintiffs James Loh, Sean Michael Smith, Giovany Rico, and Bradley Reber assert claims for breach of express warranties, breach of implied warranties, false advertising, and unfair business practices under California, Pennsylvania, and Hawaii law. *See* Second Amended Class Action Complaint ("SAC"), Dkt. No. 33. Before the Court is Defendant Future Motion, Inc.'s motion to strike and motion to dismiss. *See* Defendant Future Motion's Motion to Strike Plaintiff's Second Amended Class Action Complaint ("MTS"), Dkt. No. 35; Defendant Future Motion's Motion to Dismiss Plaintiff's Second Amended Class Action Complaint ("MTD"), Dkt. No. 37. Plaintiffs filed oppositions to the respective motions, to which Defendant filed replies. Plaintiffs' Opposition to Defendant's Motion to Strike ("MTS Opp."), Dkt. No. 46; Plaintiffs' Opposition to Defendant's Motion to Dismiss ("MTD Opp."), Dkt. No. 45; Defendant Future Motion's Reply in Support of Its Motion to Strike Plaintiff's Second Amended Class Action Complaint ("MTS Reply"), Dkt. No. 47; Defendant Future Motion's Reply in Support of Its Motion to Dismiss Plaintiff's Second Amended Class Action Complaint ("MTD Reply"), Dkt. No. 48. Having considered the Parties' submissions, the relevant law, and the record in this case, the Court **GRANTS** Defendant's motion to dismiss and **dismisses as moot** Defendant's motion to

strike.[1]

## I. BACKGROUND

Defendant is a leading manufacturer and distributor of electric skateboards, including the Onewheel+ XR and the Onewheel Pint, the two models at issue in Plaintiffs' SAC. SAC ¶¶ 16, 18–19. Defendant described the Pint as small, light, nimble, and "for fun." FAC ¶ 19. Defendant described XR as fast, far, epic, and "for shredding." FAC ¶ 19. Onewheel scooters are self-balancing, battery-powered, electric transports, often referred to as "electric skateboard[s]." SAC ¶ 18. Defendant advertised the Onewheel as being fun and safe for riders of almost any age and experience level. SAC ¶¶ 24, 25, 147, 157. The Onewheel can carry riders at speeds as fast as 26.1 mph or more. However, Defendant advertised that the "top speed" of the Pint model is 16 miles per hour and the XR is 19 miles per hour. SAC ¶ 22. Onewheels are entirely rider active, which means the rider controls the board's speed by leaning slightly forward to speed up, or slightly backwards to slow down. SAC ¶ 30. The large, single wheel allows the boards to be ridden on paved surfaces or off-road. SAC ¶¶ 23–24.

The Onewheel is designed to alert a rider under certain circumstances. This feature, called "pushback," warns the user that the user is approaching the Onewheel's speed limit. SAC ¶ 34. This safety feature is influenced by tire pressure, wind direction/speed, battery level, surface condition, velocity, grade, terrain, moisture, and the rider's stance/weight. SAC ¶ 34. Plaintiffs allege "[t]his multitude of factors affects the performance of the [Onewheel] and informs the software's evaluation of whether the Onewheel is conforming to or exceeding its operational parameters." SAC ¶ 35. As a result, Plaintiffs argue that there is no way for a rider to determine or predict when "pushback" will occur. SAC ¶ 35. Further, if it works at all, "pushback" is "frequently too subtle for a rider to detect," and the board's motor will often shut down without any and/or sufficient warning, which causes the rider to be launched into a Nosedive. SAC ¶ 36.

---

[1] On June 23, 2022, this Court found these motions appropriate for decision without oral argument pursuant to Civil Local Rule 7-1(b). *See* Dkt. No. 55.

Case No.: 5:21-cv-06088-EJD
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND; DISMISSING AS MOOT MOTION TO STRIKE

2

In situations where "pushback" is unnoticed or fails, a rider will proceed to push the front deck of the board downward (to continue traveling forward) and the Onewheel will suddenly stop. SAC ¶ 37. "Riders experience this as a feeling that the motor simply seizes and cuts off and the wheel locks in place, with the Onewheel coming to a complete and immediate halt." SAC ¶ 37. When this happens, riders are helpless to prevent their forward momentum from throwing them headfirst off the front of the Onewheel. SAC ¶ 37. The Onewheel is intentionally designed this way—when it approaches its operational limits, it must work too hard to maintain operations. The "seize/halt" of the Onewheel occurs because the vehicle is designed to protect itself from becoming damaged, rather than to protect the rider. SAC ¶ 38.

The Onewheel is supposed to first "pushback," but if "pushback" goes unheeded, it will seize/halt when:

- Its battery fully discharges while underway, which the rider does not anticipate due to the lack of an adequate warning signal or display that is visible to the rider and/or because faulty components that fail to represent the true amount of available battery life;
- The Onewheel reaches its top speed or is on an ascending or descending incline, where the rider does not receive, does not notice, or cannot heed "pushback" and attempts to further accelerate;
- The Onewheel's battery, which is recharged while the rider is using the board using kinetic energy, becomes overcharged and triggers "pushback," which can launch the rider into a Nosedive to save the battery from becoming damaged from overcharging; and
- A rider attempts to accelerate too quickly. SAC ¶ 40.

By design the Onewheel also appears to seize/halt "almost at random" without any predictability as to when it will do so and without any detectable warning. SAC ¶ 40. Plaintiffs allege that they, and many putative class members, have experienced this seizure/halting out of nowhere. SAC ¶ 40.

Case No.: 5:21-cv-06088-EJD
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND; DISMISSING AS MOOT MOTION TO STRIKE

3

Nosedive appears to happen under two circumstances: (1) by design when the Onewheel boards are approaching the limits of their performance and either allegedly should or do "pushback;" and (2) randomly and unpredictably. SAC ¶ 41. Plaintiffs allege that the design of the Onewheel results in reasonably foreseeable performance and safety issues. SAC ¶ 42. The Nosedive feature and the "pushback" and seizure/halting of the Onewheel are defective designs and are inherently dangerous. SAC ¶ 44. Plaintiffs allege that Defendant knows of these risks, and that they have caused serious injuries and death to users but continues to conceal design flaws and perpetuate the misrepresentation that incidents with Onewheels are due to user error. SAC ¶¶ 45–46, 60, 71, 78, 92, 115, 120, 136, 151.

Plaintiffs have experience with their Onewheels abruptly halting and launching them off. SAC ¶¶ 54–152. Plaintiffs each allege they purchased an XR or Pint from Future Motion. SAC ¶¶ 6–10. The SAC states that after purchase and "learning of and experiencing some of the hazards and dangers associated with the foreseeable operation of the product [each plaintiff] no longer operates the device." SAC ¶¶ 6–10. Plaintiff Smith alleges he sent his Onewheel for repair for an alleged "Nosedive issue," SAC ¶ 6, and his description of the accidents he experienced explains that his Onewheel suddenly stopped without warning on more than one occasion, causing him to fall and injure himself. SAC ¶¶ 67–77. Plaintiff Reber was traveling at 15 miles per hour on a flat level surface when his Onewheel came to a "sudden, violent, stop" causing him to fall and injure himself. SAC ¶ 123. Similarly, Plaintiff Loh was traveling about 7 miles-per-hour on a level surface when his Onewheel "came to a sudden, violent, stop," causing him to fall and injure himself. SAC ¶¶ 140–43. Plaintiff Rico suffered an injury after he hit a bump or rock in his path and then rapidly accelerated and then rapidly decelerated, causing him to fall and injure himself. SAC ¶¶ 99–106.

Based on the above allegations, plaintiffs assert eight causes of action against Defendant on behalf of themselves and the Nationwide Class: (1) breach of express warranty; (2) breach of implied warranty; (3) unjust enrichment; (4) breach of express warranty in violation of the Song-

Case No.: 5:21-cv-06088-EJD
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND; DISMISSING AS MOOT MOTION TO STRIKE

4

Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1791.2, 1793.2(d); (5) breach of implied warranty in violation of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1791.2, 1793.2; (6) violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*; (7) violation of California False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.*; (8) violation of California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*

Plaintiffs Smith and Rico, who are both California residents, also assert five of these causes of action on behalf of the California Subclass and the Nationwide Direct Purchase Subclass: (1) breach of express warranty in violation of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1791.2, 1793.2(d); (2) breach of implied warranty in violation of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1791.2, 1793.2; (3) violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*; (4) violation of California False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.*); (5) violation of California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*

Plaintiff Reber, a Pennsylvania resident, asserts three causes of action on behalf himself and the Pennsylvania Subclass: (1) violation of Pennsylvania Unfair Trade Practices & Consumer Protection Law, 73 P.S. Pa. Stat. § 201-1, *et seq.* and (2) breach of implied warranty of merchantability, 13 Pa. Cons. Stat. §§ 2314, 2A212.  Plaintiff Loh, a Hawaiian resident, asserts three causes of action on behalf of himself and the Hawaii Subclass: (1) violation of Hawaii's Unfair Deceptive Acts & Practices Statute, H.R.S. §§ 481A, *et seq.* and (2) breach of implied warranty of merchantability, H.R.S. § 490:2-314.

## II. LEGAL STANDARD

### A. Motion to Dismiss

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  "Specific facts are not necessary; the statement need only 'give

Case No.: 5:21-cv-06088-EJD
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND; DISMISSING AS MOOT MOTION TO STRIKE

5

the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, when ruling on a defendant's motion to dismiss, the court must accept as true all well-pleaded factual allegations contained in the complaint. *Id.* (collecting cases); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A court must draw all reasonable inferences in the light most favorable to the non-moving party. *See Daniels-Hall v. National Education Association*, 629 F.3d 992, 998 (9th Cir. 2010). However, the allegations must be enough to raise a right to relief above the speculative level and must be enough to "raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiffs' claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

The purpose of a motion to dismiss is to test the legal sufficiency of the complaint; not to decide its factual merits. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires a reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679). To survive a 12(b)(6) motion, a complaint must only state factual allegations sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Rule 12(b)(6)'s plausibility standard is replaced by Rule 9(b)'s heightened "particularity" pleading standard when claims sound in fraud. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125

Case No.: 5:21-cv-06088-EJD
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND; DISMISSING AS MOOT MOTION TO STRIKE

6

(9th Cir. 2009). For example, if a plaintiff alleges a unified course of fraudulent conduct and relies entirely on that course of conduct as the basis of a claim, the claim is said to be "grounded in fraud" or to "sound in fraud." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d, 1103–04 (9th Cir. 2003). If such sole reliance is present, the pleading of that claim, as a whole, must satisfy the particularity requirement of Rule 9(b).

"Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (alteration in original) (quotation marks and citation omitted). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106. Such averments must be specific enough to "give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Id.* (alteration in original) (quotation marks and citation omitted). However, issues of "[m]alice intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). For instance, general allegations are permissible where "the facts lie more in" Defendant's knowledge. *Doe v. Uber Techs., Inc.*, 184 F. Supp. 3d 774, 790 (N.D. Cal. 2016) (citation omitted).

**B. Motion to Strike**

Under Federal Rule of Civil Procedure 12(f), the Court may strike any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). "Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003); *see also Sapiro v. Encompass Ins.*, 221 F.R.D. 513, 518 (N.D. Cal. 2004) ("Courts have

Case No.: 5:21-cv-06088-EJD
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND; DISMISSING AS MOOT MOTION TO STRIKE

7

1   long disfavored Rule 12(f) motions, granting them only when necessary to discourage parties from

2   making completely tendentious or spurious allegations."). "Given their disfavored status, courts

3   often require a showing of prejudice by the moving party before granting the requested relief."

4   *Mag Instrument, Inc. v. JS Prods., Inc.*, 595 F. Supp. 2d 1102, 1106 (C.D. Cal. 2008) (internal

5   quotation marks omitted).

6       While class allegations can be stricken at the pleadings stage, it is "rare to do so" before a

7   motion for class certification has been filed. *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F.

8   Supp. 2d 1220, 1245 (C.D. Cal. 2011) (citations omitted). The court must be convinced that any

9   questions of law are "clear and not in dispute, and that under no set of circumstances could the

10  claim or defense succeed." *In re New Century*, 588 F. Supp. 2d 1206, 1220 (C.D. Cal. 2008)

11  (quotation marks and citation omitted). "In determining whether to grant a motion to strike, a

12  district court views the pleadings in a light most favorable to the non-moving party." *Mag

13  Instrument*, 595 F. Supp. 2d at 1106.

## III. DISCUSSION

Defendant moves to dismiss Plaintiffs' claims on three grounds. Defendant first argues that Plaintiffs' claims must be dismissed with prejudice because Plaintiffs cannot meet the heightened pleading standards required to plead their fraud and fraud-based claims with particularity. Defendant next argues that Plaintiffs' claims should be dismissed because they do not identify an actual defect or nonconforming feature or describe a defect with particularity. Defendant last argues that Plaintiffs' claims should be dismissed because they do not allege that they relied upon any specific representation about the Onewheels they purchased. The Court addresses each argument in turn but does not reach the third argument as it dismisses on the first two grounds.

### A. Rule 9(b)'s Applicability

While the Parties agree that Rule 9(b) applies to Plaintiffs' false advertising law claim, they dispute whether Rule 9(b) applies to the rest of Plaintiffs' claims. Plaintiffs argue that the remainder of their claims must only meet Rule 8(a)'s liberal pleading standards of a short and concise statement of fact.

As stated, Rule 9(b) imposes a heightened pleading standard where fraud is an essential element of a claim. In alleging fraud or mistake, a party must state with particularity the circumstances constituting the fraud or mistake. Fed. R. Civ. P. 9(b). Rule 9(b) may still apply to a claim, even if fraud is not a necessary element of the claim. *See Vess*, 317 F.3d at 1103. In cases where fraud is not a necessary element of a claim, a plaintiff may choose nonetheless to allege in the complaint that the defendant has engaged in fraudulent conduct. For instance, the plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim. In that event, "the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." *Id.* at 1103–04 (collecting cases). However, in other cases, a plaintiff may choose not to allege a unified course of conduct in support of a claim but may choose to allege some fraudulent and non-fraudulent conduct. In such a case, "only the allegations of fraud are subject to Rule 9(b)'s heightened pleading requirements." *Id.* at 1104. This is because Rule 9(b) only requires that averments of fraud and the circumstances constituting fraud be stated with particularity.

Contrary to Plaintiffs' assertion, all of the claims alleged in the SAC are grounded in fraud and are subject to Rule 9(b)'s higher pleading standard. Plaintiffs' theory is that Defendant harmed its customers when it fraudulently represented Onewheels as: "safe;" able to provide an "'amazing riding experience' that riders can enjoy 'with confidence every time you step on your board;'" and "free from defects in materials or workmanship." SAC ¶¶ 4, 60, 71, 83, 88, 91, 113, 114, 135, 234 ("From viewing [the] information on Defendant's website and information posted to

Case No.: 5:21-cv-06088-EJD
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND; DISMISSING AS MOOT MOTION TO STRIKE

9

social media, including by Defendant, Plaintiff Reber was left with the belief that so long as the user was operating the Onewheel as instructed, not exceeding the device's limits, and heeding 'pushback' when it occurred, the Onewheel would be safe and reliable to use.  Plaintiff Reber *relied on these* images, videos, and instructions provided on Defendant's website . . . ." (emphasis added)).  These allegations sound in fraud as they all depend on a finding that Defendant misrepresented and concealed information about the safety of the Onewheel to consumers.  *See Fraud*, Black's Law Dictionary (11th ed. 2019) (defining fraud as "[a] knowing misrepresentation . . . of a material fact made to induce another to act to his or her detriment.").

Courts in this district have dismissed similar CLRA, UCL, breach of implied warranty, breach of express warranty, and unjust enrichment claims where those claims all arose from an alleged unified course of conduct where a defendant allegedly misrepresented features of its product.  *See Kearns*, 567 F.3d 1120, 1127 (9th Cir. 2009) (applying Rule 9(b)'s heightened standard to CLRA and UCL claims because they sounded in fraud); *Arabian v. Organic Candy Factory*, 2018 WL 1406608, at *7–*8 (C.D. Cal. Mar. 19, 2018) (applying Rule 9(b)'s heightened standards for breach of express warranty, breach of implied warranty, breach of contract, and unjust enrichment because claims arose from the defendant's alleged misrepresentation of its product).  Plaintiffs' theory that Defendant harmed its customers by fraudulently representing the safety and craftsmanship of the Onewheel underlies each claim.  That is, Plaintiffs' express breach of contract, implied breach of contract, UCL, CLRA, FAL, unjust enrichment, and the Pennsylvania and Hawaii state law claims, all rely on the exact same set of facts and theory of liability or unified course of conduct—that Defendant misrepresented certain features/capabilities of its Onewheels to the detriment of consumers.  Accordingly, each claim is subject to the requirements of Rule 9(b).

Case No.: 5:21-cv-06088-EJD
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND; DISMISSING AS MOOT MOTION TO STRIKE

10

### B. Allegations of a Specific, Nonconforming Feature

"Allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quotation marks and citation omitted). Courts have dismissed causes of action grounded in fraud when the alleged defect is not well-defined. *See, e.g., Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1144 (9th Cir. 2012) ("As Plaintiffs do not plead any facts indicating how the alleged design defect, *i.e.*, the loss of the connection between the power jack and the motherboard, causes the Laptops to burst into flames, the District Court did not err in finding that Plaintiffs failed to plausibly allege the existence of an unreasonable safety defect."); *Hauck v. Advanced Micro Devices, Inc.*, 2018 WL 5729234, at *5 (N.D. Cal. Oct. 29, 2018) ("Given Plaintiffs' vague and inconsistent definitions of [the] Defect, AMD can hardly be expected to know exactly what the contents of its alleged misrepresentations are."); *Punian v. Gillette Co.*, 2016 WL 1029607, at *11 (N.D. Cal. Mar. 15, 2016) ("Plaintiff cites no case—and the Court is aware of none—where a court has found that such an unspecified potential to fail suffices to allege a material product defect."); *Markel Am. Ins. Co. v. Pac. Asian Enters., Inc.*, 2008 WL 2951277, at *6 (N.D. Cal. July 28, 2008) ("Markel does not identify which product or products are alleged to have been defective, what the defect is, who sold each product to PAE or to Markel's insured, or who installed the allegedly defective parts on the Vessel. Even under the liberal pleading standards of Federal Rule of Civil Procedure 8(a), Markel's allegations are simply insufficient.).

In the SAC, Plaintiffs allege a variety of issues with the Onewheel, but it is unclear what the alleged defects are. Plaintiffs allege that:

- The Onewheel's pushback safety mechanism is a "defect" because it is "faulty and inconsistent" and "too subtle for a rider to detect or completely fails to work at all." SAC ¶¶ 33, 36–37.
- The Onewheel is defective because it is intentionally designed in a way "that when it

approaches its operational limits, the device has to work too hard to maintain operations and the . . . rider is [not] able to balance." That is, the Onewheel has a "seizure/halting" issue, which happens when the board reaches its operational limits, and the pushback feature fails, or when the rider does not notice the pushback. SAC ¶¶ 38–40.

- The Onewheel will "nosedive" due to a failure or lack of pushback. SAC ¶¶ 6, 41.

Thus, Plaintiffs' SAC identifies three potential defects with the Onewheel: the pushback safety mechanism, the seizure/halting of the board, and the nosedive issue. Notably, the seizure/halting issue and the nosedive issue are alleged to stem from defects with the pushback feature.

First, Plaintiffs' complaint with the pushback feature is that it is too subtle to be detected by riders. Of course, if it were more obvious, the pushback safety feature would result in the claims alleged—it would result in a change of speed or position that could harm riders. Perhaps recognizing this issue, Plaintiffs fail to allege what type of pushback feature the Onewheel should have. Second, and relatedly, Plaintiffs fail to allege what defect caused pushback to be inconsistent, too subtle, to seize/halt, and/or to nosedive. From the SAC and the opposition, this Court construes the alleged defect to be the pushback feature, because it is allegedly too subtle to be detected and designed to shut down or "halt" when the Onewheel reaches its operational limit, which makes the device unsafe, unpredictable and faulty. Problematically, there are no specific allegations regarding this defect; namely, the "who, what, where, when, why" specifics needed to meet Rule 9(b)'s particular pleading standard.

*DeCoteau v. FCA US LLC*, 2015 WL 6951296 (E.D. Cal. Nov. 10, 2015) is relevant. There, the plaintiffs had purchased Darts made by the defendant, who manufactured motor vehicles for sale in the United States. *Id.* at *1. The plaintiffs noticed that within a year of purchase, their Darts would sometimes surge forward or hesitate before taking off from a stop. *Id.* One plaintiff noticed that the vehicle would stop moving while she was driving, as though it was stuck in park or neutral. *Id.* Another plaintiff experienced rough and jerking transmission shifts.

Case No.: 5:21-cv-06088-EJD
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND; DISMISSING AS MOOT MOTION TO STRIKE

12

1  Plaintiffs sued alleging that these design and/or manufacturing defects presented a safety hazard.
2  The court dismissed plaintiffs' complaint, because plaintiffs did not "allege actual facts that make
3  the existence of either a design or manufacturing defect plausible." *Id.* at \*3.  Citing *Yagman v.*
4  *General Motors*, 2014 WL 4177295 (C.D. Cal. Aug. 22, 2014), the court noted that while
5  plaintiffs need not plead the mechanical details of a defect in order to state a claim, in cases
6  involving complex machinery, plaintiffs "must allege the specific facts that plausibly support their
7  belief in the existence of a defect . . . in order to give [d]efendant sufficient notice to defend
8  against their claims." *DeCoteau*, 2015 WL 6951296, at \*3.  This is because "the level of
9  specificity required . . . directly correlates to the complexity of the machinery in question." *Id.*

10  Here, the complex nature of the Onewheel and the alleged defects necessitates that
11  Plaintiffs pled specific allegations about the pushback feature, like the mechanical features of the
12  wheel that make it defective.  It is entirely unclear from the SAC what features of the Onewheel
13  caused the alleged defects, and thus it is unclear how Defendant's falsely advertised the device and
14  how Defendant's breached any warranties with Plaintiffs.  As in *DeCoteau*, simply identifying a
15  defect is insufficient.  Plaintiffs must identify facts giving rise to their belief that a defect for
16  which Defendant is responsible exists, and must plausibly connect the existence of that alleged
17  defect to the injuries they claim to have suffered.  Accordingly, Defendant's motion to dismiss is
18  **GRANTED**.

19  When dismissing a complaint for failure to state a claim, a court should grant leave to
20  amend "unless it determines that the pleading could not possibly be cured by the allegation of
21  other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  Although the Court has
22  determined that Plaintiffs fail to state a claim, it is possible Plaintiffs can cure their allegations by
23  alleging, among other things, more particular facts about the Onewheel's defects.

24  **IV.    CONCLUSION**

25  Defendant's motion to dismiss Plaintiffs' SAC in its entirety is **GRANTED** with leave to
26  amend.  Should Plaintiffs choose to file an amended complaint, they must do so by August 1,

Case No.: 5:21-cv-06088-EJD
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND; DISMISSING AS MOOT MOTION TO STRIKE

13

2022.  Failure to do so, or failure to cure the deficiencies addressed in this Order, will result in dismissal of Plaintiffs' claims with prejudice.  Plaintiffs may not add new claims or parties without leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15.[2]

**IT IS SO ORDERED.**

Dated: July 11, 2022

EDWARD J. DAVILA
United States District Judge

---

[2] Because the Court grants Defendant's motion to dismiss, it does not reach Defendant's motion to strike, and dismisses that as moot.

Case No.: 5:21-cv-06088-EJD
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND; DISMISSING AS MOOT MOTION TO STRIKE
14